IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CAROLYN MCKEOWN ) | |
|     Plaintiff, ) | |
| v. ) | Civil Action No. 3:20-cv-1042 |
| ) | Judge Trauger/Frensley |
| STATE OF TENNESSEE, DHS ) | |
|     Defendant. ) | |

### REPORT AND RECOMMENDATION

### I.    INTRODUCTION AND BACKGROUND

This matter is before the Court upon a Motion to Dismiss filed by Defendant pursuant to Fed. R. Civ. P. 12(b)(1). Docket No. 14. In support of its Motion, Defendant has contemporaneously filed a Memorandum of Law arguing that, as an arm of the State of Tennessee, DHS is immune from suit under the Eleventh Amendment to the United States Constitution, and that no exception to Eleventh Amendment immunity applies to Plaintiff's employment discrimination claim. Docket No. 15. Defendant argues, therefore, that this Court does not have jurisdiction, and this case must be dismissed. *Id.*

Plaintiff, who is proceeding pro se, has filed a Response to the Motion. Docket No. 20. Plaintiff, in her Response, argues that this Court does, in fact, have jurisdiction because she filed this action pursuant to federal law and everything happened in Davidson County, Tennessee. *Id.* Plaintiff also asks this Court to "withdraw the initial dismissal of the Title VII claim and to reinstate the Title VII claim since the facts listed in her EEOC charge and initial pleading are clearly defined and were not considered." *Id.*[1]

---

[1] In an Order entered January 19, 2021, the Court dismissed all of Plaintiff's claims, except her ADA retaliation claim. Docket No. 7. Accordingly, Plaintiff's ADA retaliation claim is the only remaining claim presently before the Court.

Defendant has filed a Reply to Plaintiff's Response, arguing that "Plaintiff does not counter, or even meaningfully address, the basis of [Defendant's] Motion to Dismiss—that Plaintiff's suit is barred by the Eleventh Amendment." Docket No. 21. Defendant notes that "Plaintiff does not offer any legal basis to deny" Defendant's Motion, but rather, devotes only "one sentence to discussing [Defendant's] immunity"[2] before turning "her attention away from this matter completely." *Id*. Defendant therefore argues that its "(effectively unchallenged) Motion to Dismiss should be granted." *Id.*

Plaintiff has filed a "Response to Defendant's Second Motion to Dismiss," which is a Sur-Reply. Docket No. 22. In her Sur-Reply, Plaintiff "objects to Defendant's remarks as irrelevant to the issues presented before the court. The Defendant is mistaken and misinterprets Plaintiff's factual responses to the unlawful termination. Defendant's reading of Plaintiff's response is incorrect." *Id.*

Plaintiff filed her pro se employment discrimination Complaint against the Tennessee Department of Human Services under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*; the Age Discrimination Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*; the Occupational Safety and Health Act of 1970 ("OSHA"), 29 U.S.C. § 651, *et seq.*; and the Tennessee Occupational Safety and Health Act ("TOSHA"), Tenn. Code Ann. §§ 50-3-106(8) and 50-3-409(a). Docket No. 1. Plaintiff submitted her EEOC Right to Sue Notice, which indicates that Plaintiff's ADA and Title VII claims are timely. Docket No. 5.

Upon conducting its initial frivolity review, this Court entered an Order on January 19,

---

[2] The one sentence in Plaintiff's Response is: "Defendant also requested this Court to dismiss Plaintiff's claim on the basis that DHS, an agency for the State of Tennessee, is immune from suit under the Eleventh Amendment to the United States Constitution." Docket No. 20.

2021, dismissing all of Plaintiff's claims, except for her ADA retaliation claim. Docket No. 7. Accordingly, Plaintiff's ADA retaliation claim is the only remaining claim presently before the Court.

For the reasons discussed below, the undersigned finds that, as a Department of the State of Tennessee, Defendant is immune from suit under the Eleventh Amendment to the United States Constitution, and that no exception to Eleventh Amendment immunity applies, such that this Court does not have jurisdiction over Plaintiff's claim, and this case must be dismissed. Accordingly, the undersigned recommends that Defendant's Motion to Dismiss (Docket No. 14) should be **GRANTED**.

## II. LAW AND ANALYSIS

### A. Fed. R. Civ. P. 12(B)(1)

Fed. R. Civ. P. 12(b)(1) provides that a complaint may be dismissed for lack of subject matter jurisdiction.

A party seeking to dismiss a claim pursuant to Rule 12(b)(1) may engage in either, (1) a facial attack to the complaint; or (2) a factual attack on the allegations averred in the pleadings. *See Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990). A facial attack is a challenge to the court's subject matter jurisdiction that takes the material allegations of the complaint as true and construes them in the light most favorable to the nonmoving party. *See RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134-35 (6th Cir. 1996). In contrast, a factual attack is "not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994); *see also, Ohio Nat'l Life,* 922 F. 2d at 325.

### B. Americans with Disabilities Act of 1990 - 42 U.S.C. § 12111, et seq.

3

The Americans With Disability Act ("ADA") protects employees from discrimination based on their disabilities, and provides, in part:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112.

In order to sustain an ADA claim, an employee must first make out a prima facie case of discrimination by establishing that:

1. he or she is an individual with a disability;

2. he or she is otherwise qualified for the position, with or without reasonable accommodation;

3. he or she suffered an adverse employment decision;

4. the employer knew or had reason to know of the plaintiff's disability; and

5. the position remained open while the employer sought other applicants or the disabled individual was replaced.

*Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1186 (6th Cir. 1996). *See also* 42 U.S.C. §§ 12111 and 12112.

The ADA protects employees against retaliation for opposing activities that are otherwise unlawful under the ADA. Specifically, the ADA's anti-retaliation provision states:

> No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

42 U.S.C. § 12203.

Claims brought under the ADA are evaluated under the same *McDonnell Douglas-Burdine* tripartite test utilized in Title VII cases. The *McDonnell Douglas-Burdine* tripartite test requires

the plaintiff to first establish a prima facie case of discrimination. If the plaintiff is able to do so, a mandatory presumption of discrimination is created and the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection. If the defendant carries this burden, the plaintiff must then prove that the proffered reason was actually pretextual. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), as later clarified by *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981). The plaintiff may establish pretext by showing that, 1) the stated reasons had no basis in fact; 2) the stated reasons were not the actual reasons; and 3) that the stated reasons were insufficient to explain the defendant's action. *Id.* "A reason cannot be proved to be 'a pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993).

  **C.**  **Eleventh Amendment Immunity**

The Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

The Supreme Court has construed the Eleventh Amendment and/or the related concept of sovereign immunity to also bar actions by citizens alleging violations of federal law against their own states in federal or state court. *See Alden v. Maine,* 527 U.S. 706 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Hans v. Louisiana*, 131 U.S. 1 (1890). The Supreme Court has also held that sovereign immunity bars citizen suits against states in federal court for violations of state law. *Pennhurst State School and*

*Hospital v. Halderman*, 465 U.S. 89 (1984). Moreover, the Court has recognized that the "sovereign immunity" of the States is a concept "inherent" in the Constitution and that it is not limited by the language of the Eleventh Amendment. *See Alden*, 527 U.S. at 728-29.

There are two main exceptions to sovereign immunity. First, Congress may abrogate a state's sovereign immunity by passing appropriate legislation pursuant to Section 5 of the Fourteenth Amendment. *See Hoffman v. Connecticut Dep't of Income Maintenance*, 492 U.S. 96, 101 (1989). Second, a state may waive its immunity from suit. *See Pennhurst*, 465 U.S. at 99-100. Federal courts cannot assume that a state has waived its sovereign immunity unless the state has explicitly done so, or there are "such overwhelming implications from the text [of a statute] as [to] leave room no room for any other reasonable construction." *Edelman*, 415 U.S. at 673. *See also, Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002).

An Eleventh Amendment sovereign immunity attack constitutes a factual attack that deprives the Court of subject matter jurisdiction. In the Sixth Circuit, the entity asserting Eleventh Amendment immunity has the burden to show that it is entitled to immunity. *Nair v. Oakland Cnty. Cmty. Mental Health Auth.*, 443 F. 3d 469, 474 (6th Cir. 2006).

### D. The Case at Bar

As an initial matter, the Court must have jurisdiction over this matter in order to consider Plaintiff's claim. For the reasons discussed below, this Court does not do so.

Plaintiff sues the Tennessee Department of Human Services. Docket No. 1. As a department of the State of Tennessee, a suit against the Tennessee Department of Human Services is a suit against the State of Tennessee, and Tennessee has not waived its immunity from suit under state or federal law. Tenn. Code Ann. § 20-13-102(a); *Berndt v. State of Tennessee*, 796 F. 2d 879, 881 (6th Cir. 1986). Therefore, the question is whether Congress has validly abrogated Eleventh

Amendment immunity for ADA retaliation claims.

In 2001, the Supreme Court invalidated Congress' earlier attempt to abrogate Eleventh immunity for claims that are based upon employment discrimination under Title I (42 U.S.C. § 12202). *See Board of Trustees of the Univ. of Ala. V. Garrett,* 531 U.S. 356 (2001). While the Sixth Circuit has not ruled on whether an ADA retaliation claim that derives from an allegation of employment discrimination in violation of Title I is subject to Eleventh Amendment immunity, other courts, when confronted with this question, have considered the underlying discrimination opposed and determined that, because the ADA is analyzed in the same manner as Title VII, retaliation claims premised on employment discrimination under Title I of the ADA are subject to Eleventh Amendment immunity.

In the case at Bar, Plaintiff alleges in her Complaint that she was hired by Defendant on November 25, 2019, as a Disability Claims Examiner for the Department of Disability Services, an agency of the Tennessee Department of Human Services. Docket No. 1. Plaintiff avers that she began her position on February 3, 2020, and subsequently disclosed to Defendant's personnel that she had a disability and needed a work accommodation. *Id.* She maintains that her requests for accommodation were met with retaliation in the form of work-related reprimands and disparate treatment. *Id.* As a result, Plaintiff filed an EEOC Charge based on these events. *Id.* Plaintiff avers that she was terminated in retaliation for her accommodation requests and complaints. *Id.*

As discussed above, Plaintiff's claims are claims against the State of Tennessee, and the State of Tennessee has not waived, nor has Congress abrogated, Eleventh Amendment immunity for Title VII claims. As further discussed above, ADA claims are evaluated using the same *McDonnell Douglas-Burdine* tripartite test as Title VII claims. Because neither the State of Tennessee, nor Congress, has abrogated Eleventh Amendment immunity for Title VII claims, the

7

Case 3:20-cv-01042   Document 25   Filed 11/15/21   Page 7 of 8 PageID #: 123

State of Tennessee retains immunity for Title VII claims. And because ADA claims are evaluated using the same standards as Title VII claims, the State of Tennessee retains Eleventh Amendment immunity for ADA claims. In light of the foregoing, the Court does not have jurisdiction over Plaintiff's claim, and it should be dismissed.

### III. CONCLUSION

For the reasons discussed above, the undersigned finds that, as a Department of the State of Tennessee, Defendant is immune from suit under the Eleventh Amendment to the United States Constitution, and that no exception to Eleventh Amendment immunity applies, such that this Court does not have jurisdiction over Plaintiff's claim, and this case must be dismissed. Accordingly, the undersigned recommends that Defendant's Motion to Dismiss (Docket No. 14) should be **GRANTED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**